1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

SOON BOK PARK, *et al.*,

　　　　　Plaintiffs,

　　　v.

NORTHWEST TRUSTEE SERVICES,
INC., *et al.*,

　　　　　Defendants.

Case No.  C14-0723RSL

ORDER OF DISMISSAL

14

15

16

17

18

19

20

21

22

23

24

25

26

　　　　　This matter comes before the Court *sua sponte*.  On May 14, 2014,

plaintiffs filed the above-captioned matter alleging that the Court has jurisdiction based

on a federal question and the diversity of citizenship of the parties.  28 U.S.C. § 1331

(federal courts have original jurisdiction over all claims "arising under the Constitution,

laws, or treaties of the United States"); 28 U.S.C. § 1332(a) (establishing that the federal

court's basic diversity jurisdiction extends to "all civil actions where the matter in

controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States.").

Because plaintiffs have asserted only state law causes of action and complete diversity is

lacking, plaintiffs were ordered to show cause why the case should not be dismissed for

lack of subject matter jurisdiction.

ORDER OF DISMISSAL - 1

1    Plaintiffs subsequently filed an "Amendment of Complaint" (Dkt. # 5) and

2  a response to the order to show cause (Dkt. # 7).  The amendment simply identifies the

3  Doe defendant and does not cure the jurisdictional defects identified by the Court.  The

4  response asserts that resolution of plaintiffs' state law claims will necessarily involve the

5  interpretation and application of the federal Home Affordable Modification Program

6  ("HAMP") and./or the interpretation of a contract between the United States and

7  defendant Green Tree Servicing LLC.  Plaintiffs further assert a preference for litigating

8  in federal court and argue that it would be unjust to dismiss this case after they paid the

9  filing fee.

10    Federal courts are of limited jurisdiction and have the power to hear only

11  matters authorized by the Constitution or Congress.  The mere presence of a federal issue

12  when determining whether plaintiffs have alleged a viable state law claim does not

13  automatically confer federal question jurisdiction:  if no federal cause of action is

14  provided in the statute, exercising federal jurisdiction over the matter would flout

15  congressional intent by providing a federal remedy where none was contemplated.

16  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 811 (1986).  In this case, plaintiffs

17  argue that defendants' violations of HAMP establish the causation element of their state

18  law claims.  There is no private cause of action under HAMP, and providing a federal

19  forum and remedy would trample the congressionally-approved balance of federal and

20  state judicial responsibilities.  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,

21  545 U.S. 308, 314 (2005).  To the extent plaintiffs argue that their contract claim

22  implicates a federal right because the United States was a contracting party, they are

23  mistaken.  The United States is not asserting any claims in this matter, and whether

24  plaintiffs can seek recovery as a third-party beneficiary of a contract to which they were

25  not a party will be decided by state law principles.

26  ORDER OF DISMISSAL - 2

1     No federal question has been asserted in this case.  The Court therefore

2  lacks the power to hear this dispute.  Plaintiffs' preference for a federal forum and their

3  fairness arguments cannot create federal jurisdiction where none exists.  This matter is

4  therefore DISMISSED without prejudice

5
          Dated this 3rd day of June, 2014.

6

7                                             Robert S. Lasnik
8                                             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER OF DISMISSAL - 3